**CHEE MARKHAM KATO & KIM**
Attorneys At Law

**KEVIN S.W. CHEE    2130-0**
Email: kchee@cheemarkham.com
**TARA A. BUCKLEY    11234-0**
Email: tbuckley@cheemarkham.com
American Savings Bank Tower
1001 Bishop Street, Suite 2700
Honolulu, Hawaii 96813
Telephone: (808) 523-0111
Facsimile: (808) 523-0115

**Attorneys for Defendant,**
**The American Insurance Company**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII THEATRE CENTER, a Hawaii corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE AMERICAN INSURANCE COMPANY, an Ohio corporation; JOHN DOES 1-20; JANE DOES 1-20; and DOE ENTITIES 1-20,<br><br>Defendants. | Civil No. _____<br><br>[Formerly in the Circuit Court of the First Circuit – Civil No. 1CCV-22-0000340]<br><br>**DEFENDANT THE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, and 1446; EXHIBIT 1; CERTIFICATE OF SERVICE** |

### DEFENDANT THE AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL OF STATE ACTION UNDER 28 U.S.C. SECTIONS 1332, 1441, and 1446

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a) and 1441, defendant The American Insurance Company ("AIC") hereby removes to this Court the state court action described below:

1. On or about March 24, 2022, plaintiff Hawaii Theatre Center ("HTC") filed a complaint for declaratory judgment in the First Circuit Court of the State of Hawaii, bearing Case No. 1CCV-22-0000340 ("State Court Action"). The complaint names AIC, John Does 1-20, Jane Does 1-20, and Doe Entities 1-20 (the "State Court Action");

2. AIC was served with a copy of the summons and complaint in the State Court Action on April 13, 2022. A true and correct copy of the Summons and Complaint in the State Court Action are attached hereto as Exhibit 1.

### JURISDICTION

3. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by AIC pursuant to 28 U.S.C. § 1441(a), in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

4. Plaintiff is, and at the time of filing its complaint, a Hawaii nonprofit corporation with its principal place of business in Honolulu, Hawaii. (Compl., ¶ 1.)

5. Defendant AIC is, and at the time of the issuance of the policy and at the time of the filing of the complaint, an Ohio corporation with its principal place of business in Chicago, Illinois. *See Hertz v. Friend*, 559 U.S. 77, 95 (2010); (Compl., ¶ 2.).

6. Although the complaint names John Does 1-20, Jane Does 1-20, and Doe Entities 1-20, the citizenship of fictitiously named defendants is disregarded for removal purposes. *See* 28 U.S.C. § 1441(a).

7. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as alleged below:

    a. Plaintiff HTC seeks recovery of insurance benefits provided in Policy No. MXG80997507, effective June 1, 2019 through June 1, 2020, which HTC appended to the complaint as Exhibit A (the "Policy"). (Compl., ¶ 11, Ex. A.) HTC alleges that it "suffered substantial losses of insured business income and has incurred insured expenses caused by insured causes of loss within the terms and conditions of the Policy or the common law." (Compl., ¶ 72.) HTC alleges "the losses and expenses incurred by Plaintiff's business operations are covered under various Policy provisions." (*Id.*, ¶ 79.)

b. Specifically, HTC alleges that with respect to its theatre building (Location 1 of the Policy), "Plaintiff's Policy provides a blanket limit of insurance totaling $902,500 under its Historic Property Business Income and Extra Expense Form (No. 145448 01 07)." (Compl., ¶ 83, Ex. A at 110, 140-148.) HTC alleges that its lost business income is covered under the Policy and has not been excluded and claims that it "is entitled to an order that Defendant must pay benefits for these business income losses …." (*Id*. at ¶ 83.)

c. HTC alleges the Business Income/Extra Expense Form of the Policy provides $250,000 in Additional Coverage for "Income Support Properties." (Compl., ¶ 97, Ex. A at 110.) HTC alleges that it "incurred income support losses that are covered under the Policy and that have not been excluded from coverage" and that it "is entitled to an order that Defendant must pay benefits for these income support property losses …." (*Id*. at ¶ 101.)

d. HTC alleges the Business Income/Extra Expense Form of the Policy provides $25,000 in Additional Coverage for "Extraordinary Advertising and Promotion." (Compl., ¶ 102, Ex. A at 110.) HTC alleges that it "incurred extraordinary advertising and promotion expenses that are covered under the Policy and that have not been excluded from coverage" and that it "is entitled to an order that Defendant must pay benefits for these extraordinary advertising and promotion expenses …." (*Id*. at ¶ 106.)

    e.  HTC alleges the Historic Property Plus Endorsement Form of the Policy provides $100,000 in coverage for "Communicable Disease Extra Expense." (Compl., ¶ 108, Ex. A at 126.) HTC alleges that it "incurred communicable disease extra expenses that are covered under the Policy and that have not been excluded from coverage" and that it "is entitled to an order that Defendant must pay benefits for these communicable disease extra expenses …." (*Id*. at ¶ 112.).

    f.  HTC alleges the Policy includes a Crisis Management Coverage Extension Endorsement, which provides $100,000 in coverage for "Crisis Event Business Income" and $100,000 for "Crisis Event Extra Expense." (Compl., ¶¶ 113-114, 124, Ex. A at 109.)  HTC alleges that it "lost crisis event business income" and "incurred crisis event extra expenses" that are covered under the Policy and that are not excluded.  (Compl., ¶¶ 122-123, 126-129.) HTC alleges that it is entitled to an order that Defendant must pay benefits for lost crisis event business income and incurred crisis event extra expenses.  (*Id*. at ¶¶ 123, 129.)

    g.  HTC seeks a declaration that AIC must "pay benefits to Plaintiff owed under the aforementioned Policy up to the policy limits …." (Compl., Prayer for Relief A.)  HTC also seeks an award of attorneys' fees.  (Prayer for Relief B.)

    h.  "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Com'n*, 432 U.S. 333,

347 (1977). A claim for attorneys' fees also may be used to determine the amount in controversy, in certain circumstances. *Galt G/S v. JSS Scandinavia*, 142 F.3d, 1155 (9th Cir. 1998). Moreover, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). In establishing the amount in controversy, the defendant may rely upon a chain of reasoning and assumptions that are reasonable based on the complaint's allegations. *LaCross v. Knight Trans. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015). Given the allegations asserted by HTC concerning its losses, the alleged limits of insurance available under the Policy, and HTC's request for a declaration that AIC must pay benefits to HTC "up to the policy limits," HTC's complaint places at issue more than the $75,000 jurisdictional limit, exclusive of interest and costs.

## NOTICE OF REMOVAL IS TIMELY

8. Under 28 U.S.C. § 1446(b), a defendant has thirty (30) days to file a notice of removal once it learns that an action is removable. *See, e.g., Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1250 (9th Cir. 2006).

9. AIC was first served with the summons and complaint on April 13, 2022. Therefore, the last day to file its Notice of Removal is May 13, 2022. Moreover, this Notice of Removal was not filed more than one year after the action was first commenced in state court.

## STATE COURT PLEADINGS

10. AIC may remove the State Court Action under 28 U.S.C. § 1441(a) because, according to HTC, all or a portion of the claims for relief arose in the City and County of Honolulu, Hawaii. (Compl., ¶ 5.)

## NOTICE

11. In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being contemporaneously filed with the Clerk of the First Circuit Court of the State of Hawaii, in Case No. 1CCV-22-0000340, and is being served on HTC's counsel of record.

## NON-WAIVER

12. This Notice of Removal is submitted in accordance with Fed R. Civ. P. 11, 28 U.S.C. § 1446(a). Nothing in this notice should be construed as a waiver of any right that AIC may have to assert any defense or affirmative matter including, the right to assert insufficient service of process, the failure to state a claim, or any other procedural or substantive defense available to AIC in connection with this matter. AIC also reserves the right to amend or supplement this notice and, in the event that any question arises as to the propriety of this removal, AIC asks that the Court permit it the opportunity to brief such issues and present argument in support of the propriety of such removal.

## **CONCLUSION**

WHEREFORE, defendant AIC gives notice that the State Court Action pending in the First Circuit Court of the State of Hawaii is hereby removed therefrom based on diversity jurisdiction.

Dated: Honolulu, Hawaii, May 13, 2022.

/s/ KEVIN S.W. CHEE
KEVIN S.W. CHEE
TARA A. BUCKLEY
Attorneys for Defendant
THE AMERICAN INSURANCE
COMPANY
