IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HAWAII THEATRE CENTER, a Hawaii non-profit corporation,<br><br>   Plaintiff,<br><br> vs.<br><br>THE AMERICAN INSURANCE COMPANY, an Ohio Corporation; JOHN DOES 1-20; JANE DOES 1-20; and DOE ENTITIES 1-20,<br><br>   Defendants. | CIVIL NO. 22-00218 JAO-WRP<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

In this insurance coverage dispute, Plaintiff Hawaii Theatre Center ("Plaintiff") seeks a declaration that it is entitled to coverage for losses suffered as a result of the COVID-19 pandemic.  Plaintiff asks the Court to decline to exercise jurisdiction over this removed case because it presents novel issues of insurance law, and to remand the case to the Circuit Court of the First Circuit, State of Hawaiʻi.

The Court elects to decide this Motion without a hearing pursuant to Rule

7.1(c) of the Local Rules for the United States District Court for the District of

Hawaii.  For the following reasons, the Court GRANTS Plaintiff's Motion to

Remand.  ECF No. 11.

## BACKGROUND

Plaintiff purchased a commercial insurance policy (the "Policy"), policy no.

MXG80997507, from Defendant The American Insurance Company

("Defendant").  ECF No. 1-1 ¶ 11.  The Policy, effective June 1, 2019 through

June 1, 2020, insured four locations, including "1130 Bethel Street, Honolulu, HI

96813 (Theatre Building & Office)," which is the location at issue in this litigation.

*Id.*  In pertinent part, the Policy provided coverage for certain property and for loss

of business income from the suspension of Plaintiff's business operations "caused

by direct physical loss of or damage to property at the [subject] premises."  ECF

No. 11-3 at 141.  The Policy also provided coverage for "direct physical loss of or

damage to Covered Property . . . caused by or resulting from any Cause of Loss not

otherwise excluded."  *Id.* at 175.  According to Plaintiff, there is no exclusion for

the loss of business income attributable to a virus or communicable disease.  ECF

No. 1-1 ¶ 16.

Plaintiff alleges that it suffered a physical loss of (or damage to) its property

for regular business operations and incurred extra expenses as a result the physical

spread of COVID-19 at its property and the issuance of governmental emergency

orders restricting its ability to operate. *Id.* ¶¶ 64–66, 68–72.  It provided a notice of losses to Defendant on May 22, 2020, which was denied on July 23, 2020.  *Id.* ¶¶ 135–36; ECF No. 11-4.

Plaintiff responded by filing this lawsuit on March 24, 2022, in the Circuit Court of the First Circuit, State of Hawaiʻi, requesting a declaration as to Defendant's obligations and duties under the Policy; namely, that Plaintiff is entitled to benefits.  ECF No. 1-1 ¶ 154.  On May 15, 2022, Defendant removed the action, citing diversity jurisdiction as the basis for removal.  ECF No. 1 ¶ 3.

On May 20, 2022, Defendant filed a Motion to Dismiss.  ECF No. 8.  On May 23, 2022, Plaintiff filed the instant Motion to Remand.  ECF No. 11.  The parties filed their respective oppositions on July 7, 2022, and their respective replies on July 21, 2022.  ECF Nos. 28–29, 31–32.

## DISCUSSION

Plaintiff moves to remand this action to the Circuit Court of the First Circuit, State of Hawaiʻi, pursuant to 28 U.S.C. § 1447(c).  ECF No. 11-1 at 12.  However, § 1447(c) governs "ordinary" remands based on lack of subject matter jurisdiction or procedural defects in removal.  *See Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1165 (9th Cir. 1998) (per curiam) (citation omitted).  Plaintiff in fact asks the Court to decline its exercise of discretionary jurisdiction under the

3

Declaratory Judgment Act ("DJA"), ECF No. 11-1 at 12–13, which is an

"exceptional" remand.  *See Snodgrass*, 147 F.3d at 1165.

Plaintiff primarily argues that the Court should abstain from exercising

jurisdiction because this case involves a determination of novel and important

issues of insurance law that have yet to be addressed by Hawaiʻi state courts.  ECF

No. 11-1 at 15–24.  Defendant counters that many federal courts have addressed

similar issues and that no other relevant factors support remand.  ECF No. 28 at

13–26, 28–31.

The Court preliminarily finds that it has subject matter jurisdiction over this

action.  The question of whether to exercise discretionary jurisdiction only arises if

subject matter jurisdiction exists.  *See United Nat'l Ins. Co. v. R&D Latex Corp.*,

242 F.3d 1102, 1107 (9th Cir. 2001) (citation omitted).  A defendant may remove

from state court any civil action over which a district court has original

jurisdiction.  *See* 28 U.S.C. § 1441.  District courts have "original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000,

exclusive of interest and costs, and is between . . . citizens of different States."  28

U.S.C. § 1332(a).  Here, Plaintiff is a citizen of Hawaiʻi, Defendant is a citizen of

Ohio and Illinois, and the amount in controversy exceeds $75,000.  ECF No. 1

¶¶ 4–5, 7.

I.      **Whether The Court Should Exercise Jurisdiction**

The DJA, codified at 28 U.S.C. § 2201(a), provides in relevant part:

> any court of the United States, upon the filing of an appropriate
> pleading, may declare the rights and other legal relations of any
> interested party seeking such declaration, whether or not further
> relief is or could be sought.  Any such declaration shall have the
> force and effect of a final judgment or decree and shall be
> reviewable as such.

28 U.S.C. § 2201(a).  The Court has the discretion "to determine whether it is

'appropriate' to grant jurisdiction in a declaratory relief action based in diversity."

*Gov't Emps. Ins. Co. v. Dizol*, 176 F. Supp. 2d 1005, 1017 (D. Haw. 2001) (citing

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288–89 (1995)) (other citation omitted);

*see also Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir.

2002) ("[T]he decision whether to exercise jurisdiction over a declaratory action

lies in the sound discretion of the district court.").  "[T]here is no presumption in

favor of abstention in declaratory actions generally, nor in insurance coverage

cases specifically."  *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir.

1998) (en banc); *Huth*, 298 F.3d at 803.  In fact, insurers are not "barred from

invoking diversity jurisdiction to bring a declaratory judgment action against an

insured on an issue of coverage."  *Dizol*, 133 F.3d at 1225 (quoting *Aetna Cas. &

Sur. Co. v. Merritt*, 974 F.2d 1196, 1199 (9th Cir. 1992)).

The Court's discretion is governed by the factors enumerated in *Brillhart v.

Excess Insurance Co. of America*, 316 U.S. 491 (1942):  (1) avoidance of needless

5

determination of state law issues; (2) discouragement of the filing of declaratory actions as a means of forum shopping; and (3) avoidance of duplicative litigation. *See Dizol*, 133 F.3d at 1225 (footnote and citation omitted).  The Ninth Circuit additionally considers whether there is a parallel state proceeding.  *See id.*; *Phoenix Assurance PLC v. Marimed Found. for Island Health Care Training*, 125 F. Supp. 2d 1214, 1219–20 (D. Haw. 2000).

As a general rule, district courts should not decline to entertain claims for declaratory relief when the declaratory action joins other claims (*i.e.*, bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief).  *See R&D Latex*, 242 F.3d at 1112 (citations omitted).  "If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation."  *Dizol*, 133 F.3d at 1225–26 (citation omitted).  Thus, the Court must ascertain "whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case." *Snodgrass*, 147 F.3d at 1167–68 (citations omitted).

In this case, Plaintiff exclusively requests a declaration that it is entitled to coverage under the Policy for damages sustained from COVID-19 and/or governmental emergency orders restricting on-premises business activities.

6

Because the instant action is declaratory in nature, jurisdiction remains discretionary.  The Court therefore considers each *Brillhart* factor in turn.

## A.    Needless Determination Of State Law

Needless determination of state law may occur when:  there are parallel state proceedings involving precise state law issues; Congress expressly reserved the area of law for the states; and there is no compelling federal interest, *e.g.*, diversity jurisdiction.  *See Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), *overruled on other grounds by Dizol*, 133 F.3d 1220.  This factor "alone may support remand."  *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (citing *Huth*, 298 F.3d at 802–04).

### 1.    Parallel State Proceeding

When a parallel state proceeding involving the same issues and parties exists at the time the federal declaratory judgment action is filed, there is a presumption that the declaratory action should be heard in state court.  *See Dizol*, 133 F.3d at 1225 (citation omitted).  This is because it would ordinarily "be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal laws, between the same parties."  *Brillhart*, 316 U.S. at 495.

Construing "parallel actions" liberally, the Ninth Circuit has held that state actions need not involve the same parties or the same issues to be parallel.  "It is

enough that the state proceedings arise from the same factual circumstances."
*Golden Eagle Ins. Co. v. Travelers Cos*., 103 F.3d 750, 754–55 (9th Cir. 1996),
(citing *Am. Nat'l Fire Ins. Co. v. Hungerford*, 53 F.3d 1012, 1017 (9th Cir. 1995),
*overruled on other grounds by Dizol*, 133 F.3d 1220)), *overruled on other grounds
by Dizol*, 133 F.3d 1220; *see Emps. Reins. Corp. v. Karussos*, 65 F.3d 796, 798,
800 (9th Cir. 1995), *overruled on other grounds by Dizol*, 133 F.3d 1220;
*Hungerford*, 53 F.3d at 1017.

      Plaintiff concedes that there is no parallel state proceeding, but argues that
this does not require retention of the case.  ECF No. 11-1 at 23–25.  "The pendency
of a state court action does not, of itself, require a district court to refuse federal
declaratory relief," *Dizol*, 133 F.3d at 1225 (citation omitted), nor does the absence
of a parallel state proceeding involving the same issues and parties require a court
to exercise its discretionary jurisdiction under the DJA.  *See Nat'l Union Fire Ins.
Co. of Pittsburgh v. Simpson Mfg. Co.*, 829 F. Supp. 2d 914, 925 (D. Haw. 2011).
Given the absence of a parallel state proceeding, there is no presumption that this
case should be heard in state court.  But for the reasons that follow, the Court finds
that the case would be more appropriately addressed in state court, and it declines
to exercise discretionary jurisdiction.

### 2.    Area Of Law Reserved For The States

The dispute in this declaratory judgment action — solely implicating

insurance law — concerns an area of law expressly left to the states by Congress

through the McCarran-Ferguson Act. *See Robsac*, 947 F.2d at 1371 (citing 15

U.S.C. §§ 1011–12 (1988)).  Courts abstain from hearing declaratory judgment

actions for the construction of insurance policies when "unresolved state law issues

are present in a field of law where the state has shown its interest by significant

legislative activity and administrative regulation." *Smith v. State Farm Ins. Co.*,

615 F. Supp. 453, 455 (D. Haw. 1985) (citation omitted).  This is because "[t]he

states regulate insurance companies for the protection of their residents, and state

courts are best situated to identify and enforce the public policies that form the

foundation of such regulations." *Karussos*, 65 F.3d at 799 (alteration in original)

(citations omitted).

In assessing whether the exercise of jurisdiction over a declaratory judgment

action involves a needless determination of state law, courts focus on "unsettled

issues of state law, not fact-finding in the specific case." *Allstate Ins. Co. v. Davis*,

430 F. Supp. 2d 1112, 1120 (D. Haw. 2006) (quoting *Nat'l Chiropractic Mut. Ins.*

*Co. v. Doe*, 23 F. Supp. 2d 1109, 1118 (D. Alaska 1998)); *Hartford Underwriters*

*Ins. Co. v. Masters*, Civ. Nos. 10-00629 JMS-BMK, 11-00174 JMS-BMK, 2011

WL 2173779, at *9 (D. Haw. June 2, 2011) ("Thus, the court assesses not merely

whether the action raises a state law issue (which is the case for almost all diversity actions), but rather whether it presents an *unsettled* issue of state law.").  "When state law is unclear, '[a]bsent a strong countervailing federal interest, the federal court should not elbow its way . . . to render what may be an "uncertain" and "ephemeral" interpretation of state law.'"  *Davis*, 430 F. Supp. 2d at 1120 (alteration in original) (citation omitted).

The state law issues presented here are novel and unsettled, having yet to be decided by Hawaiʻi courts.  Specifically, if it retains jurisdiction, the Court would be required to determine whether Plaintiff's alleged losses and damages from COVID-19 constitute "direct physical loss of or damage to property" as contemplated by the Policy.  ECF No. 11-1 at 16–17; *see generally* ECF No. 11-3.  While this district regularly interprets insurance policies under Hawaiʻi law to determine an insurer's obligation(s) to its insured, *see Davis*, 430 F. Supp. 2d at 1120, doing so under the circumstances would result in the unnecessary determination of state law.  *See Gen. Star Indem. Co. v. JRK Prop. Holdings, Inc.*, Case No. CV 21-5287-DMG (SKx), 2021 WL 6618475, at *2 (C.D. Cal. Dec. 28, 2021) ("[C]overage for losses from the COVID-19 pandemic is a rather new and significant issue.  While many federal district courts have been compelled to weigh in on the issue during the many ongoing months of the pandemic, California law on the subject — in all its possible permutations — is not so settled as to not

implicate any of the comity concerns that *Brillhart* abstention is intended to address." (citation omitted)).

Defendant nevertheless urges the Court to retain jurisdiction and decide the issues because other district courts have done so when faced with similar arguments about the novelty of the COVID-19 pandemic.  ECF No. 28 at 15–26.  But the cases relied upon by Defendant do not demonstrate that courts regularly reject requests to remand declaratory relief cases addressing novel and unsettled insurance issues related to the pandemic.  Rather than addressing the issue at hand, some courts exercised jurisdiction because non-declaratory relief claims were joined, and in other cases, the courts did not conduct fulsome *Brillhart* analyses, or they addressed other abstention doctrines altogether.  *See*, *e.g.*, *Geragos & Geragos, APC v. Travelers Indem. Co. of Conn.*, Case Nos. CV 20-4414 PSG (Ex), CV 20-3619 PSG (Ex), 2020 WL 4673459, at *5 (C.D. Cal. Aug. 12, 2020) (declining to abstain or remand the declaratory relief claim pursuant to the DJA because additional state law claims were also asserted); *Pez Seafood DTLA, LLC v. Travelers Indem. Co.*, Case No. CV 20-4699-DMG (GJSx), 2020 WL 4500304, at *2, 5–6 (C.D. Cal. Aug. 4, 2020) (without addressing *Brillhart*, finding inapplicable various abstention doctrines and denying the plaintiff's request to remand the declaratory relief claim and stay the remaining state law claims); *Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn.*, Case No.

2:20-cv-04423-AB-SK, 2020 WL 4283958, at *5 & n.2 (C.D. Cal. July 27, 2020) (declining to remand because other claims were joined with the request for declaratory relief and noting that if the *Brillhart* factors applied, remand was unwarranted because there was no parallel state proceeding involving the same parties and issues); *10E, LLC v. Travelers Indem. Co. of Conn.*, 483 F. Supp. 3d 828, 834 (C.D. Cal. 2020) (without conducting a *Brillhart* analysis, summarily rejecting the plaintiff's argument that the case should be remanded under various abstention doctrines given the pendency of other insurance cases in state court "concerning recovery of pandemic-related losses under business interruption policies").[1]

### 3.    Absence Of Compelling Federal Interest

Finally, there is no compelling federal interest.  Where, as here, "the sole basis of jurisdiction is diversity of citizenship, the federal interest is at its nadir." *Robsac*, 947 F.3d at 1371.  Balancing the foregoing, the first *Brillhart* factor weighs in favor of remand.

### B.    Forum Shopping

The second *Brillhart* factor is neutral.  Because diversity jurisdiction provides a basis to bring suit in federal court, Defendant did not engage in forum

---

[1]  Defendant also cites a host of district court cases from other circuits that the Court finds especially irrelevant and would be non-determinative in any event.

shopping by removing the case.  *See First State Ins. Co. v. Callan Assocs., Inc.*, 113 F.3d 161, 162 (9th Cir. 1997) ("Although occasionally stigmatized as 'forum shopping,' the desire for a federal forum is assured by the constitutional provision for diversity jurisdiction and the congressional statute implementing Article III."). This case simply presents a situation where Plaintiff prefers resolution in state court and Defendant prefers federal resolution.  *See Huth*, 298 F.3d at 804. Accordingly, the Court finds that this factor favors neither party.  *See id.*

## C. Duplicative Litigation

The third *Brillhart* factor — avoidance of duplicative litigation — is a wash, as the case will be entirely disposed of in federal court or in state court and there is no presumption in favor of or against the exercise of discretionary jurisdiction.  *See id.* at 803–04.

In sum, the avoidance of the needless determination of state law weighs in favor of abstention and the other two factors are neutral, so on balance, the *Brillhart* factors weigh in favor of remand.  *See id.* at 802–04 (affirming the remand of a declaratory judgment action to avoid needless determination of state law issues even without a similar state court proceeding).

## D. Other Factors

In addition to the *Brillhart* factors, the Court may address the following considerations:

13

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.  In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Dizol*, 133 F.3d at 1225 n.5 (citation omitted).  In this case, none of these considerations affect or override the Court's determination that it should avoid needless determination of state law, especially when the "three '*Brillhart* factors remain the philosophic touchstone'" for the abstention analysis.  *R.R. St.*, 656 F.3d at 975 (citation omitted).

Based on the foregoing, the Court declines to exercise discretionary jurisdiction and REMANDS the case to the Circuit Court of the First Circuit, State of Hawaiʻi.  Given the remand of this case, Defendant's pending Motion to Dismiss is moot.  ECF No. 8.

//

//

//

//

//

//

**CONCLUSION**

For the reasons stated herein, the Court GRANTS Plaintiff's Motion to

Remand, ECF No. 8, and REMANDS this case to the Circuit Court of the First

Circuit, State of Hawai'i.

IT IS SO ORDERED.

DATED:      Honolulu, Hawai'i, August 25, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00218 JAO-WRP, *Hawaii Theatre Center v. The American Insurance Co.*; ORDER GRANTING
PLAINTIFF'S MOTION TO REMAND